Case 3:07-cv-02160-JAH-RBB    Document 1    Filed 11/09/2007    Page 1 of 13

GEORGE L. DE LA FLOR (SBN 112488)
DONALD A. GREEN (SBN 225171)
LAW OFFICE OF DONALD A. GREEN
8355 LA MESA BLVD.
LA MESA, CA 91941
TEL: (619) 698-2926 ♦ FAX: (619) 698-7540

ATTORNEYS FOR PLAINTIFF, LARRY ANDERSON

FILED
07 NOV -9 PM 2:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:      CP
                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ANDERSON, an individual,<br><br>Plaintiff,<br>v.<br><br>KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | Case No. '07 CV 2160 JAH (RBB)<br><br>**COMPLAINT FOR FAILURE TO PAY HEALTH PLAN BENEFITS IN VIOLATION OF ERISA [29 U.S.C.**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF, LARRY ANDERSON, by and through his attorneys, LAW OFFICE OF GEORGE L. DE LA FLOR, alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought under the Employee's Retirement Income Security Act (hereinafter ERISA). This court has jurisdiction to hear this matter pursuant to 29 USC Section 1101 et seq. and 28 USC Section 1331.

2. Venue is proper insofar as Plaintiff was employed within this District and his claim for benefits gave rise within this District. Furthermore, Defendants all do business within this District.

/ / /

/ / /

## PARTIES

3. Plaintiff LARRY ANDERSON, at all times herein mentioned, was a member and insured of the KAISER FOUNDATION HEALTH PLAN, INC. owned and operated by Defendants PERMANENTE MEDICAL GROUP (KPMG) and/or SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP (SCPMG) and/or KAISER FOUNDATION HOSPITALS and/or KAISER FOUNDATION HEALTH PLAN. The true business identity of Plaintiff's actual insurer is unknown at this time. Plaintiff shall seek leave to amend this complaint when the true identity has been ascertained. Said Defendants shall be cumulatively referred to as "KAISER." In addition to being Plaintiff's insurer for health plan benefits, KAISER is an administrator and fiduciary to the Plan.

4. At all times relevant hereto, Plaintiff maintained and was insured for health plan benefits (hereinafter "The Plan") through KAISER. KAISER was an administrator of said plan. Defendant KAISER FOUNDATION HEALTH PLAN (hereinafter THE PLAN) is and was an employee welfare benefit plan as defined by 29 U.S.C. Section 1001 and 1002.

## STATEMENT OF FACTS

5. At all times relevant hereto, Plaintiff was a participant of The Plan. On June 17-18, 2006, Plaintiff felt considerable pain in the right and center of his abdomen. The pain was intolerable, and continued in waves throughout the evening, worsening in the early morning hours. Plaintiff reasonably believed that his condition was life-threatening and worsening almost by the minute. Plaintiff further believes that he could not afford to wait for ambulance transport, so he crawled into his wife's vehicle at approximately 3:30 a.m. and she quickly transported him to the closest hospital available, Sharp Grossmont Hospital in La Mesa, California.

6. Although numerous tests were performed at Sharp Grossmont, he was diagnosed with "acute abdominal pain, etiology unclear." He was given strong pain medication intravenously and told to follow-up with his physicians at KAISER.

7. For the visit, Plaintiff incurred costs of $440.00 for X-Ray Medical Group, Inc., $900.00 for Grossmont Emergency Medical Group and $6,910.75 for Sharp Grossmont Hospital.

Case 3:07-cv-02160-JAH-RBB   Document 1   Filed 11/09/2007   Page 5 of 13

8. Plaintiff alleges that he provided his KAISER benefit information for direct billing to Sharp Grossmont Hospital on the day services were rendered. At some point thereafter, however, Plaintiff was informed that KAISER was refusing to pay his medical expenses. Plaintiff alleges that he filed a grievance with his health plan, exhausted all internal remedies, but was informed in January 2007, that Defendant KAISER was refusing to pay for his June 17-18, 2006 medical treatment at Sharp Grossmonth Hospital.

9. Plaintiff alleges that under THE PLAN "emergency services are covered in circumstances where [he] reasonably experience[s] acute symptoms of sufficient severity, **including severe pain**, that [he] could reasonably believe failure to obtain immediate medical attention could result in serious jeopardy to [his] health, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part." Plaintiff alleges that his condition was such that he reasonably believed prolongation of treatment would cause serious jeopardy to his health. Plaintiff alleges that the services he received from Sharp Grossmont Hospital and the reason(s) for said services were within the coverage of his health plan benefits.

10. From and after that time, Plaintiff has been denied, and continues to be denied benefits to which he is entitled pursuant to the terms of the Plan. Plaintiff effectively appealed and/or sought reconsideration for benefits. Accordingly, he has exhausted all remedies at her disposal. Further attempts to exhaust her remedies would be futile.

11. The decision to deny Plaintiff's benefits is improper insofar as the Plan specifically calls for coverage under the circumstances presented in this case. This court has the duty to review the denial of benefits de novo. In the alternative, should the Defendants take the position, and should the court find, that the Defendants had discretion to make this determination, the medical evidence is such that there was a flagrant abuse of discretion in this case.

12. Accordingly, Plaintiff is entitled to declaratory relief that he is entitled to Plan benefits, an order enjoining the Defendant from denying past and future benefits, and restitution of all unpaid sums from and after June 17-18, 2006, together with interest thereon.

13. In addition, Plaintiff has incurred attorney's fees in the prosecution of this matter and is entitled to restitution of the same pursuant to 29 USC Section 1132(g).

14. Plaintiff has exhausted all available internal and plan remedies prior to instituting legal action.

### FIRST CAUSE OF ACTION
### FOR FAILURE TO PAY BENEFITS DUE UNDER ERISA
(As Against All Defendants)

15. Plaintiff hereby refers to and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16. For all relevant times herein, and particularly on June 17-18, 2006, Plaintiff was and had been covered by medical and other benefit plans. As a result of his unjust denial of benefits, he has been deprived of benefits from said date to the present.

17. Accordingly, Plaintiff requests restitution of all sums expended due to the absence of applicable coverage plus interest according to law. Plaintiff has incurred attorney's fees in prosecution of this matter and is entitled to restitution of the same pursuant to 29 USC Section 1132(g).

**WHEREFORE**, Plaintiff prays judgment against Defendants and each of them as follows:

1. For economic damages for denial of benefits;
2. For retroactive medical benefits;
3. For a judicial declaration of Plaintiff's entitlement to benefits;
4. For Attorney's Fees;
5. For costs of suit incurred herein; and
6. For such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS THAT THIS ACTION BE TRIED BY JURY.**

Dated:   October 31, 2007            LAW OFFICE OF GEORGE L. DE LA FLOR


By: _____
GEORGE L. DE LA FLOR, ESQ.
ATTORNEYS FOR PLAINTIFF, LARRY ANDERSON

Case 3:07-cv-02160-JAH-RBB    Document 1    Filed 11/09/2007    Page 9 of 13

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 144377      - BH

       November 09, 2007
            14:58:35


         Civ Fil Non-Pris
    USAO #.: 07CV2160 CIVIL FILING
    Judge..: JOHN A HOUSTON
    Amount.:              $350.00 CK
    Check#.: BC# 3479



       Total-> $350.00


    FROM: ANDERSON V. KAISER FOUND.
          CICIL FILING
```

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
LARRY ANDERSON

**DEFENDANTS** KAISER FOUNDATION HOSPITALS, The Permanente Medical Group, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, KAISER FOUNDATION HEALTH PLAN, INC.

FILED
SOUTHERN DISTRICT OF CALIFORNIA
BY:
07 CV 2160 JAH (RBB)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
George L. de la Flor, APC
8355 La Mesa Blvd.
La Mesa, CA 91941
619-698-2926

**ATTORNEYS (IF KNOWN)** Unknown

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
MEDICAL BENEFITS under ERISA — 29 USC 1132

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 120 Marine | 310 Airplane | 362 Personal Injury-Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | | 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment &Enforcement of Judgment | 330 Federal Employers' Liability | | 630 Liquor Laws | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | 650 Airline Regs | **SOCIAL SECURITY** | 810 Selective Service |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 370 Other Fraud | 660 Occupational Safety/Health | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 690 Other | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | **LABOR** | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 720 Labor/Mgmt. Relations | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | X 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 540 Mandamus & Other | 790 Other Labor Litigation | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- X Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appelate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
- CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
- DEMAND $ EQUITABLE Injunction + Restitution
- Check YES only if demanded in complaint: JURY DEMAND: YES X NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number _____

DATE 11/9/07      SIGNATURE OF ATTORNEY OF RECORD

PAID $350 11/9/07 BH RCPT# 144377

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR

Case 3:07-cv-02160-JAH-RBB    Document 1    Filed 11/09/2007    Page 13 of 13