Gabriel M. Benrubi, Esq. (SBN 110206)
**BELSKY & ASSOCIATES**
591 Camino de la Reina, Suite 640
San Diego, CA 92108
Telephone:   (619) 497-2900
Facsimile:    (619) 497-2901

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and KAISER FOUNDATION HEALTH PLAN, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE ANDERSON,<br><br>　　Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　Defendants. | Case No. 07CV 2160 JAH (RBB)<br><br>**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S ANSWER TO COMPLAINT FOR FAILURE TO PAY HEALTH PLAN BENEFITS IN VIOLATION OF ERISA** |

COMES NOW, Defendant KAISER FOUNDATION HEALTH PLAN, INC., by and through its attorneys of record, the Law Firm of Belsky & Associates, and submits its Answer to Plaintiff's Complaint as follows:

1.  This answering Defendant does not have sufficient knowledge or information upon which to admit or deny the allegations of Paragraph 1 to the Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

2.  This answering Defendant admits that it does business within this District. Except as so admitted, Defendant has insufficient knowledge or information upon which to admit or deny the allegations of Paragraph 2 to the Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

///

1  |  3. Defendant admits that Plaintiff, Larry Anderson was a subscribing member of KAISER FOUNDATION HEALTH PLAN, which is administered by KAISER FOUNDATION HEALTH PLAN, INC., a health care service plan within the meaning of the Knox-Keene Health Care Service Plan Act, CAL. HEALTH & SAFE. CODE §1340, et seq. Except as so admitted, Defendant has insufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 3 to Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

4. Defendant admits that Plaintiff, Larry Anderson was a subscribing member of KAISER FOUNDATION HEALTH PLAN, which is administered by KAISER FOUNDATION HEALTH PLAN, INC., a health care service plan within the meaning of the Knox-Keene Health Care Service Plan Act, CAL. HEALTH & SAF. CODE §1340, et seq. Except as so admitted, Defendant has insufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 4 to Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

5. Defendant has insufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

6. Defendant has insufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

7. Defendant has insufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

8. Defendant has insufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint on file herein, and on that basis, the allegations contained in therein.

9. Defendant has insufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and on that basis, denies the allegations contained therein.

///

10. Defendant denies each and every allegation contained in Paragraph 10 to Plaintiff's Complaint on file herein.

11. Defendant denies each and every allegation contained in Paragraph 11 to Plaintiff's Complaint on file herein.

12. Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint on file herein.

13. Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint on file herein.

14. Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint on file herein.

15. In response the allegations contained in Paragraph 15 of Plaintiff's Complaint, Defendant hereby refers to and incorporates by this reference Paragraphs 1 through and including 14 of Defendant's Answer, set forth above, as though fully set forth at length herein.

16. Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's Complaint on file herein.

17. Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint on file herein.

18. Defendant denies each and every allegation contained in Paragraphs 1 through and including 6 in the prayer of Plaintiff's Complaint on file herein.

19. **AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,** Defendant states the Complaint and every purported cause of action contained therein fails to set forth facts sufficient to state a cause of action or otherwise provide a basis for relief.

20. **AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff's Complaint fails to state facts sufficient to constitute an action brought under the Employee's Retirement Income Security Act (ERISA).

21. **AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,** this Honorable Court does not have subject matter jurisdiction to hear this matter pursuant to 29 U.S.C. §1101, et seq. and 28 U.S.C. §1331.

22. **AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff has failed to effectively appeal within the parameters of his subscribing Kaiser Foundation Health Plan membership, and has failed to exhaust administrative remedies available to him, and thereby should be precluded from recovery by way of Plaintiff's Complaint on file herein.

23. **AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff should be barred from recovery for failure of consideration.

24. **AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff should be precluded from recovery for failure of condition precedent.

25. **AS FOR AN SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff should be precluded from recovery for failure to exhaust administrative remedies under ERISA.

26. **AS FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff should be precluded from recovery under the doctrine of equitable estoppel.

27. **AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff should be precluded from recovery under the doctrine of waiver.

28. **AS FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff should be precluded from recovery under the doctrine of unclean hands.

29. **AS FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** the Complaint and every purported cause of action contained therein are barred in whole in part by the applicable Statutes of Limitations, including but not limited to, C.C.P. §§337, 338 and 340.5.

30. **AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,** that any damage or loss suffered by the Plaintiff was proximately cause by the negligent or willful failure of the Plaintiff to follow the advice and instructions of Plaintiff's attending physicians and nurses, and in otherwise failing to exercise ordinary care.

31. **AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** that this answering Defendant denies any wrongdoing, negligence, carelessness, fault or liability on its part. However, should it be determined that this answering Defendant is liable, (which supposition is denied and merely stated for the purpose of this affirmative defense), then this answering Defendant further alleges that Plaintiff further contributed to his own alleged injuries, losses and damages, by

virtue thereof, this answering Defendant asks that any judgment entered against it be proportionately reduced to the extent that Plaintiff's negligence proximately contributed to the happening of the subject incident and to any injuries, losses or damages sustained by Plaintiff, if any there were. That to assess any greater percentage of fault and damages against this answering Defendant in excess of its percentage of fault would be a denial of equal protection and due process which are guaranteed by the Constitutions of the State of California and United States, respectively.

32. **AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and therefore Plaintiff may not recover from losses which could have been prevented by reasonable efforts on his own part, or by expenditures that might reasonably have been made. Therefore, Plaintiff's recovery, if any, should be reduced by failure of Plaintiff to mitigate his claimed damages.

33. **AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering Defendant denies that they were negligent in any fashion with respect to the damages, losses, injuries and debts claimed by the plaintiff in the Complaint on file herein; however, if this answering Defendant is found to have been negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then this answering Defendant provisionally assert that their negligence is not the sole and proximate cause of the resultant damages, losses and injuries alleged by Plaintiff and that the damages awarded to Plaintiff, if any, are to be apportioned according to the respective fault of the parties, persons, and entities, or their agents, servants, and employees who contributed to and/or caused said resultant damages as alleged, according to proof presented at the time of trial. That to assess any greater percentage of fault and damages against these answering defendants in excess of their percentage of fault would be a denial of equal protection and due process which are guaranteed by the constitutions of the State of California and the United States, respectively.

35. **AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** that Plaintiff, in subscribing to KAISER FOUNDATION HEALTH PLAN, is bound by contractual arbitration provisions set forth under his subscribing membership to the Plan and that accordingly, this Court lacks jurisdiction, insofar as the allegations of Plaintiff's Complaint are subject to binding

1  contractual arbitration pursuant to the Rules of the Office of Independent Administration governing
2  Kaiser/Permanente arbitrations.

3      36.    **AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** that
4  Plaintiff has failed to sufficiently allege facts that would entitle him to restitution.

5      37.    **AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** that
6  would entitle him to attorney's fees.

7      38.    **AS FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**
8  Plaintiff's action herein is barred by the provisions of California Civil Code §1714.8, in that the
9  injuries and damages complained of by plaintiff herein, if any, were solely as the result of the natural
10 course of a disease or condition and/or expected result of reasonable treatment rendered for the
11 disease or condition by the defendants herein.

12     39.    **AS FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE,** that
13 in the event this answering Defendant is found to be negligent (which supposition is denied and
14 merely stated for the purpose of this affirmative defense), this answering Defendants may elect to
15 introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiff, pursuant to
16 California Civil Code §3333.1.

17     40.    **AS FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,**
18 that in the event this answering Defendant is found to be negligent (which supposition is denied and
19 merely stated for the purpose of this affirmative defense), the damages for non-economic losses, if
20 any, shall not exceed the amount specified in California Civil Code §3333.2.

21     41.    **AS FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,**
22 that in the event this answering Defendant is found to be negligent (which supposition is denied and
23 merely stated for the purpose of this affirmative defense), this answering Defendant may elect to have
24 future damages, if any, in excess of the amount specified in California Code of Civil Procedure
25 §667.7, paid in whole or in part, as specified in California Code of Civil Procedure §667.7.

26     42.    **AS FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,**
27 this answering Defendant assert by way of affirmative defense the applicable provisions of California
28 Business & Professions Code §6146.

43.  **AS FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,** that this honorable Court should abstain from hearing the case, insofar as the allegations of Plaintiff's Complaint are within the exclusive regulatory powers of the California Department of Managed Health Care, pursuant to the Knox-Keene Health Care Service Plan Act and Title 28 of the California Code of Regulations.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by way of this Complaint on file herein, that Judgment be entered in the within action in favor of this answering Defendant and against the Plaintiff upon the issues of the Complaint, together with an award to this answering Defendant of attorneys fees and costs of suit herein incurred, and for such other relief as the Court deems just in the premises.

Respectfully submitted,

BELSKY & ASSOCIATES

Dated: January 11, 2008

By: s/ Gabriel M. Benrubi
Gabriel M. Benrubi, Esq.
Attorneys for Defendants
KAISER FOUNDATION HOSPITALS and KAISER FOUNDATION HEALTH PLAN, INC.
Email: gbenrubi@belsky1.com